IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                        **CAUSE NO. 1:21cr40-LG-JCG-1**

**DANIEL THURTELL**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO QUASH THE INDICTMENT

**BEFORE THE COURT** is the [23] Motion to Quash Indictment filed by the defendant, Daniel Thurtell. The Government filed a response in opposition to the Motion, but Thurtell did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Thurtell's Motion should be denied.

### BACKGROUND

On March 30, 2021, a Grand Jury indicted Thurtell in a twenty-count indictment. In Counts 1 through 16, the Indictment alleges that Thurtell was conducting business under the name GRG International Corporation ("GRG") in Pass Christian, Mississippi. These counts charge Thurtell with willfully failing to truthfully account for and pay over to the Internal Revenue Service federal income taxes and Federal Insurance Contribution Act taxes withheld and owed by GRG. *See* 26 U.S.C. § 7202. In Counts 17 through 20, Thurtell is charged with making false statements regarding the amount of tax withheld from his personal tax returns by GRG as well as the amount of his income from GRG, which resulted in

underpayment. *See* 26 U.S.C. § 7206(1). In the instant Motion, Thurtell argues that the indictment should be dismissed because it:

> (i) lacks the constitutional sufficiency needed to allow Defendant to mount a proper defense and to protect his due process rights; (ii) contains facially deficient allegations and misinformation; and (iii) violates Defendant's right to receive fair and particularized notice of the charges against him under the Constitution of the United States.

(Def.'s Mot. at 1, ECF No. 23).

## DISCUSSION

Thurtell filed the present Motion pursuant to Fed. R. Crim. P. 12(b)(2) and (3). Rule 12(b)(2) pertains to Motions for lack of jurisdiction. Since Thurtell does not challenge the Court's jurisdiction in his Motion, it appears he cited this Rule in error. Thurtell is challenging the sufficiency of the Indictment, so it appears his Motion is filed under Rule 12(b)(3)(B)(iii), which pertains to motions for lack of specificity in an indictment. Thurtell also raises many defenses and factual arguments contesting the charges in the Indictment. However, he does not provide any evidence or testimony in support of the facts he alleges, and Rule 12(b) does not address dismissal based on any defenses or factual arguments. As a result, those defenses and arguments should be raised at trial.

When considering a challenge to the sufficiency of the indictment, courts must "take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). The Fifth Circuit has held:

> An indictment is sufficient if (1) it contains the elements of the offense charged, (2) it fairly informs the defendant of the charge he must meet, and (3) there is no risk of future prosecutions for the same offense. An indictment that tracks a statute's words is generally sufficient as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.

*Masha*, 990 F.3d at 443.

## I.  COUNTS 1-16

Counts 1-16 of the Indictment allege that Thurtell violated 26 U.S.C. § 7202, which provides:

> Any person required . . . to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202.  The Fifth Circuit has held that this statute "breaks into two offenses: (1) willful failure to collect employees' taxes; or (2) willful failure to truthfully account for and pay over withheld taxes." *United States v. Sertich*, 879 F.3d 558, 562 (5th Cir. 2018).

The Indictment contains the following allegations against Thurtell:

> The defendant, DANIEL THURTELL, a resident of Long Beach, Mississippi, conducted a business under the name GRG International Corporation ("GRG"), with its principal place of business in Pass Christian, Mississippi.  During the quarters of 2014 through 2018, as listed below, he deducted and collected from the total taxable wages of GRG's employees federal income taxes and Federal Insurance Contributions Act taxes in the sums listed below.  On or about the dates listed below, in Harrison County, in the Southern Division of the Southern District of Mississippi, he did willfully fail to truthfully account for and pay over the Internal Revenue Service the federal

>   income taxes and Federal Contributions Act taxes withheld and due
>   and owing to the United States of America for those quarters.
>   Each in violation of Title 26, United States Code, Section 7202.

(Indictment, ECF No. 2). The Indictment also includes a chart that provides specific information as to each count.

As a result, the Indictment charges Thurtell with the second offense provided for in § 7202 -- willful failure to truthfully account for and pay over withheld taxes. *See Sertich*, 879 F.3d at 562. Thurtell argues that the Indictment fails to specify any actions on his part that would support an allegation of willful conduct. He claims that an unsubstantiated statement that he acted willfully is not sufficient. He further asserts that the Indictment is contradictory in that it alleges that Thurtell "did willfully fail to truthfully account for and pay over" the withholding taxes while also providing information that indicates that Thurtell did account for the withholding taxes. He also claims that the Indictment does not expound upon how he failed to truthfully account for the taxes withheld. He may also be challenging the Indictment for failure to provide sufficient information concerning his alleged duty to pay over the withholding taxes to the IRS since he claims that he was a minority shareholder and the Indictment does not address his obligations in reference to the obligations of the majority shareholders.

Thurtell's arguments do not provide a basis to dismiss the Indictment under Fifth Circuit precedent. First, the Indictment is sufficient in that it tracks the language of the statute and provides all of the required elements.

*See Masha*, 990 F.3d at 443. It is not necessary for an indictment "to allege in detail the factual proof that will be relied upon to support the charge." *United States v. Caldwell*, 302 F.3d 399, 412 (5th Cir. 2002) (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)).

In addition, the Indictment does not contradict itself. The Fifth Circuit has held that, while the second offense of § 7202 -- "willful failure to truthfully account for and pay over withheld taxes" -- uses the conjunction *and*, the plain language of the statute leads to the conclusion that a defendant commits this second offense if he "willfully fails to *either* truthfully account for taxes *or* pay them over." *Sertich*, 879 F.3d at 562 (emphasis added). The Fifth Circuit held that the language of the statute clearly imposed a "dual obligation to account for and pay over taxes." *Id.* at 565. Therefore, the Indictment, which tracks the language of the statute, is not ambiguous or contradictory. Thurtell's Motion to Dismiss Counts 1-16 of the Indictment is denied.

## II. COUNTS 17-20

"A person commits the felony of filing a false tax return in violation of 26 U.S.C. § 7206(1) when he willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter." *United States v. Bolton*, 908 F.3d 75, 88 (5th Cir. 2018) (quoting *United States v. Bishop*, 264 F.3d 535, 546 (5th Cir. 2001)).

Counts 17-20 of the Indictment, which concern Thurtell's personal tax returns, allege that Thurtell "did willfully make and subscribe a tax return . . . , which was verified by an electronic PIN that it was made under the penalties of perjury and which Daniel Thurtell did not believe to be true and correct as to every material matter." (Indictment, at 2-4, ECF No. 2). The Indictment further specified the portions of the tax returns that Thurtell knew to be incorrect. As a result, the Indictment contains the elements of the offenses charged; it provided notice to Thurtell of the charges against him; and there is no risk that Thurtell will be prosecuted in the future for the same offenses. Thurtell's Motion to Dismiss Counts 17-20 of the Indictment must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [23] Motion to Quash Indictment filed by the defendant, Daniel Thurtell, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2021.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE